6-22-2009: Historical Cell-Site Information

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  MISC. 10 -897

- - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :        SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE RELEASE   :
OF HISTORICAL CELL-SITE INFORMATION    :
- - - - - - - - - - - - - - - - - - - x

Scott B. Klugman, an Assistant United States Attorney

for the Eastern District of New York, hereby applies to the Court

for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing

that within seven days AT&T Wireless (the "service provider")

disclose recorded information identifying the base station towers

and sectors that received transmissions from ▇▇▇▇▇▇▇▇▇, a

telephone issued by the service provider with IMSI NUMBER

▇▇▇▇▇▇▇▇ subscribed to by Kamal Abdallah at ▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇(the "SUBJECT

TELEPHONE"), at the beginning and the end of calls or text

message transmissions, and the mobile switching center serving

the SUBJECT TELEPHONE during any calls or text message

transmissions, for the period from September 1, 2010 until 11:00

a.m. Eastern Time on the date that the Court issues the proposed

Orders (collectively, "the HISTORICAL CELL-SITE INFORMATION").

In support of this application I state the following:

1.   I am an Assistant United States Attorney in the

Office of Loretta E. Lynch, United States Attorney for the

Eastern District of New York.  As such, I am a duly-authorized

representative of a "governmental entity" under 18 U.S.C.
§ 2703(c) and (d) and, as such, am authorized to apply for Orders
authorizing the disclosure of the HISTORICAL CELL-SITE
INFORMATION.

2. The Court is authorized to order the disclosure of
the HISTORICAL CELL-SITE INFORMATION upon the government offering
specific and articulable facts showing that there are reasonable
grounds to believe that the information sought is relevant and
material to an ongoing criminal investigation. 18 U.S.C.
§ 2703(d).

3. I have discussed this matter with a special agent
of the Federal Bureau of Investigation (the "investigative
agency"), who is involved in the investigation. Based upon my
discussion with the agent, I believe that the information likely
to be obtained is relevant to an ongoing criminal investigation
as required by 18 U.S.C. § 2703(d). First, the investigative
agency is conducting a criminal investigation into possible
violations of federal criminal laws, including bail jumping in
violation of 18 U.S.C. § 1346(a)(1). Second, HISTORICAL CELL-
SITE INFORMATION will further the investigation by providing
information concerning the target's recent travel history,
including whether he has traveled abroad while on pre-trial
release.

4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

a. Specifically, on August 10, 2009, the defendant KAMAL Z. ABDALLAH was arrested at his home in San Antonio, Texas, based on an arrest warrant issued in the Eastern District of New York charging him with securities fraud conspiracy, in violation of 18 U.S.C. § 371. The defendant was released from custody on August 20, 2009, pursuant to a bond approved by Magistrate Judge Nancy Stein Nowak. The defendant initially appeared in the Eastern District of New York before Magistrate Judge Andrew L. Carter on September 4, 2009. At that appearance, Judge Carter approved the defendant release on certain conditions, including the surrender of all passports to Pre-trial Services and his agreement not to apply for an additional passport. The defendant's travel was restricted to the Western District of Texas, the Eastern District of New York and Clark County, Nevada. Prior to Judge Carter's approval of the bond, the defendant, through his attorney, advised the Court that he has Palestinian and United States Passports, both of

3

which he surrendered to Pre-trial Services.[1]  The defendant was subsequently indicted, and the case is scheduled for trial on February 14, 2011.

   b. The defendant filed a voluntary petition for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the Western District of Texas on November 2, 2010.  Under 11 U.S.C. § 109(h), a debtor filing such a petition is required to file a certification indicating that he has sought credit counseling within a certain time period or requesting leave to file the certification outside of that period for cause.  The defendant chose the latter course and indicated that he was unable to timely seek credit counseling because of his travel schedule.  The defendant stated:

> My name is Kamal Abdallah.  Presently, my family is residing abroad and I am required to travel extensively to visit with them and for my work interests.  During times of travel, I am not able to access the internet with any regularity.  Upon my recent return to San Antonio I learned that my residence was posted for foreclosure.  I have been unable to complete the class until only recently and seek waiver for failure to timely file the certificate of counseling.

   c. During the course of the investigation of the securities fraud investigation that led to the defendant's

---

  [1]  The government recently confirmed with Pre-trial Services Officer Erin Rodriguez that her agency is in possession of two passports surrendered by the defendant.

arrest, the government consensually recorded several calls between a cooperating witness and the defendant. During these calls, the defendant used the SUBJECT TELEPHONE. In addition, the defendant has appeared telephonically at several status conferences in his criminal case, including a status conference on December 9, 2010. During the December 9, 2010 status conference, the defendant used the SUBJECT TELEPHONE.

5.    Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from September 1, 2010 until 11:00 a.m. Eastern Time on the date that the Court issues the proposed Orders.

6.    The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until

5

otherwise ordered by the Court. Any such disclosure might cause a target to flee from prosecution.

      7.    No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated:      Brooklyn, New York
             December 22, 2010

Scott Klugman
Assistant United States Attorney
(718) 254-6461

6